# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN GADOMSKI III,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1353**  (BOR Appeal No. 2047234)
                      (Claim No. 2011004784)

**GREENBRIER HOTEL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Gadomski III, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Greenbrier Hotel Corporation, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 25, 2012, in which the Board affirmed a May 18, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 6, 2011, decision denying Mr. Gadomski's request for authorization of a shortening osteotomy or, in the alternative, PIP arthrodesis and a Girdlestone procedure. The Office of Judges also affirmed the claims administrator's May 3, 2011, decision denying Mr. Gadomski's request to add second metatarsal phalange joint synovitis as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Gadomski was injured on May 28, 2010, in the course of his employment as a waiter at the Greenbrier Hotel, when he felt a pop in his right foot while walking up a flight of stairs. The claim was held compensable for unspecified sprain/strain of the foot. Prior to the

1

compensable injury, Mr. Gadomski underwent a closing base wedge osteotomy for the treatment of a right foot bunion that he incurred after dropping a stack of plates on his foot. At the time of the procedure, Mr. Gadomski was informed by his podiatrist, Gerald Erskine, D.P.M., that the bunion represented a deformity that would continue to progress for the rest of his life. Following the compensable injury, Mr. Gadomski again sought treatment with Dr. Erskine, who noted that Mr. Gadomski reported experiencing bilateral foot pain of gradual onset. He diagnosed Mr. Gadomski with metatarsalgia of phalangeal joint two in the right foot. Subsequent radiographs revealed the presence of mild degenerative and arthritic changes.

After seeking initial treatment with Dr. Erskine, Mr. Gadomski began treating with Joe Pack, D.O. Dr. Pack diagnosed Mr. Gadomski with second metatarsal phalange joint synovitis with underlying arthritis and possible early clawing of the toe. He noted that an MRI was suggestive of arthritic-type changes of the first and second metatarsal phalange joints. After multiple failed attempts at conservative treatment Dr. Pack, a general orthopedic surgeon, felt that he could offer Mr. Gadomski no further treatment and recommended that he see an orthopedic surgeon specializing in the foot and ankle. Mr. Gadomski therefore began treating with James Chandler, M.D., who diagnosed Mr. Gadomski with a right plantar plate rupture with a subsequent claw toe and a sprain/strain of the metatarsophalangeal joint resulting from the May 28, 2010, injury.

On February 15, 2011, Prasadarao Mukkamala, M.D., performed a records review and recommended denying Mr. Gadomski's request for authorization of a shortening osteotomy or, in the alternative, PIP arthrodesis and a Girdlestone procedure. He concluded that the proposed surgery was aimed at the treatment of degenerative changes, and further concluded that all of Mr. Gadomski's work-related conditions had resolved. On March 29, 2011, Rebecca Thaxton, M.D., performed a records review and recommended denying Mr. Gadomski's request to add villonodular synovitis as a compensable component of the claim. She concluded that the requested additional compensable component is a proliferative synovial tissue disorder of which the underlying cause is unknown, and therefore concluded that its presence is not causally related to the compensable injury.

On April 6, 2011, the claims administrator denied Mr. Gadomski's request for authorization of either a shortening osteotomy or, in the alternative, PIP arthrodesis and a Girdlestone procedure. On May 3, 2011, the claims administrator denied Mr. Gadomski's request to add second metatarsal phalange joint synovitis as a compensable component of the claim. In its Order affirming the April 6, 2011, and May 3, 2011, claims administrator's decisions, the Office of Judges held that the requested shortening osteotomy or, in the alternative, PIP arthrodesis and a Girdlestone procedure does not constitute reasonably required medical treatment in relation to the compensable injury. The Office of Judges further held that second metatarsal phalange joint synovitis is not a compensable component of the claim.

In making its determination, the Office of Judges relied on the opinions of Dr. Mukkamala and Dr. Thaxton. The Office of Judges also relied on the conclusions of the StreetSelect Grievance Board. The Office of Judges found that the Grievance Board concluded that Mr. Gadomski had a longstanding history of degenerative changes in his right foot. The

Office of Judges further found that the Grievance Board concluded that the surgical procedure in question was requested for the purpose of treating a contracture of the second toe, which resulted from the natural progression of the pre-existing degenerative changes. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its October 25, 2012, decision. We disagree. The evidence of record clearly demonstrates that Mr. Gadomski developed second metatarsal phalange joint synovitis as a result of the May 28, 2010, injury. We further find that the evidence of record clearly shows that the requested surgical procedure is necessary for the treatment of symptoms arising as a result of the May 28, 2010, injury.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to add second metatarsal phalange joint synovitis as a compensable component of the instant claim. Additionally, the claim is remanded with instructions to authorize a shortening osteotomy or, in the alternative, PIP arthrodesis and a Girdlestone procedure.

Reversed and remanded.

## ISSUED:   October 3, 2014

## CONCURRED IN BY:
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

## DISSENTING:
Justice Allen H. Loughry II dissents and files a separate opinion.

The majority incorrectly reasons that second metatarsal phalange joint synovitis should be added as a compensable component of the instant claim. The evidence clearly demonstrates that the claimant failed to show that the requested shortening osteotomy or, in the alternative, PIP arthrodesis and a Girdlestone procedure, is necessary for the treatment of symptoms arising from the May 28, 2010, injury. The claims administrator, Office of Judges, and Board of Review all correctly concluded that the record shows that Mr. Gadomski's request to add second metatarsal phalange joint synovitis as a compensable component of the instant claim, as well as his request for surgical intervention, arise from the natural progression of pre-existing degenerative changes and are unrelated to the May 28, 2010, compensable injury.

In view of the foregoing, I respectfully dissent.